UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| DARREN HENRY JOHNSON, | ) | |
| Institutional ID No. 1526739, | ) | |
| SID No. 4099609, | ) | |
| Previous TDCJ No. 824637, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 5:10-CV-060-BG |
| TEXAS DEPARTMENT OF | ) | ECF |
| CRIMINAL JUSTICE, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Darren Henry Johnson filed this action on March 29, 2010, in the Western District of Texas pursuant to 42 U.S.C. § 1983, complaining that Defendants violated his constitutional rights during his incarceration by the Texas Department of Criminal Justice (TDCJ) at the Daniel Unit.  Johnson specifically complains of the conditions of confinement at the Daniel Unit.  The Western District subsequently transferred this case to the Northern District of Texas.

The United States District Court reassigned the case to the United States Magistrate Judge for further proceedings on April 23, 2010.  On May 7, 2010, Plaintiff notified the court that he had been transferred to the Michael Unit, and on May 12, 2010, he filed a "Motion to Dismiss."  Plaintiff seeks dismissal of this action claiming, *inter alia*, that he was administratively transferred to the Michael Unit and that he is therefore no longer subject to the conditions of confinement (at the Daniel Unit) that form the basis of his complaint.

The Federal Rules of Civil Procedure authorizes dismissal of an action upon the Plaintiff's request.  Fed. R. Civ. P. 41(a)(2).  Such a dismissal is without prejudice.  *Id.*  The undersigned

therefore recommends that the District Court grant Plaintiff's motion and dismiss Plaintiff's complaint and all claims therein without prejudice pursuant to Fed. R. Civ. P. 41(a)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within fourteen days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated:          May 27, 2010.

NANCY M. KOENIG
United States Magistrate Judge

2